FILED
NOV 6 2002
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHIRLEY MARSH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-A-788-N |
| ) | |
| BUTLER COUNTY SCHOOL SYSTEM, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on Plaintiffs' Motion for an Order Prohibiting Contact between Defendant and Defendant's Employees Regarding Lawsuit.

The Plaintiffs' motion is based primarily on the argument that an inherently coercive relationship exists between an employer and its employees and, therefore, that the employees in this case must be protected from contact by the Defendant about the pending lawsuit. To justify a no contact order, however, there must be a clear record of threatened abuses. See Burrell v. Crown Central Petroleum, Inc., 176 F.R.D. 239, 244 (E.D. Tex. 1997).

The only evidence cited to the court by the Plaintiffs in support of their motion includes documents purportedly used in Bullock County and Sumter County. There being no evidence of threatened abuses by this Defendant, it is HEREBY ORDERED that an absolute no contact order is not appropriate in this case and the Motion is DENIED. It is, however, further ORDERED as follows:

1. The Defendant is DIRECTED that any meeting with any group of employees or any individual employee of the Defendant to discuss Fair Labor Standards Act wage and hour disputes will be preceded by a notice to the employee or employees invited to the meeting which

will include the following:

    a. a statement of the purpose of the meeting

    b. a statement that any person who is a party to the FLSA lawsuit against the school board, who has filed a consent to be a party to the lawsuit, or who has contacted an attorney in any way about being represented in the FLSA lawsuit, is excused from attending the meeting.

    c. a statement that persons not attending the meeting because they are parties to the FLSA lawsuit against the school board, have filed a consent to be a party to the lawsuit, or have contacted an attorney in any way about being represented in the FLSA lawsuit will not have any adverse action taken against them by the Defendant.

    2. The Defendant is further DIRECTED that no representative of the Defendant may attend any meeting of Defendant's employees scheduled by a non-party, including the AEA, to discuss wage and hour disputes under the FLSA unless the above-described notice is given the invitees to the meeting prior to that meeting.

    3. The Defendant is finally DIRECTED to include in any communication to an employee or employees about possible wage and hour disputes a statement that the Defendant is prohibited by law from taking any adverse action against an employee who chooses to join the lawsuit.

DONE this ___ day of November, 2002.

                                            W. HAROLD ALBRITTON
                                            CHIEF UNITED STATES DISTRICT JUDGE